**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **LAUREN S.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NANCY A. BERRYHILL, Acting Commissioner of Social Security,**<br><br>**Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No. 2:17-cv-00981-DN-PMW**<br><br>**Chief District Judge David Nuffer**<br><br>**Chief Magistrate Judge Paul M. Warner** |

Chief District Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Lauren S.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to disability insurance benefits ("DIB") and supplemental security income ("SSI").[2] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. After careful review of the administrative record, the parties' briefs, and the relevant law, the court recommends that the decision be reversed and remanded for further proceedings.

[1] *See* docket no. 17.

[2] *See* docket no. 20.

## BACKGROUND

In June 2014, Plaintiff filed applications for DIB and SSI.[3] Plaintiff alleges disability beginning on January 2014 due to anoxic brain injury following a drug overdose, and anxiety depression, diarrhea, and headaches.[4] Her application was denied initially,[5] upon reconsideration,[6] and in an August 2016 decision following an administrative hearing by an administrative law judge ("ALJ").[7] The ALJ determined Plaintiff could not perform her past relevant work, but she could perform other unskilled jobs available in the national economy in significant numbers.[8] Thus, the ALJ found Plaintiff was not disabled.[9] The Appeals Council denied Plaintiff's request for review in August 2017,[10] rendering the ALJ's decision is the Commissioner's final decision for judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[3] *See* docket no. 19, Administrative Record ("Tr.") at 397-413.

[4] *See* Tr. at 397, 404, 442.

[5] *See* Tr. at 261-62.

[6] *See* Tr. at 296-97.

[7] *See* Tr. at 207-20.

[8] *See* Tr. at 219.

[9] *See* Tr. at 219-20.

[10] *See* Tr. at 1.

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential disability determination is as follows:

> 1. If the claimant is performing substantial gainful work she is not disabled.
>
> 2. If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.
>
> 3. If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.

> 4. If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity [("RFC")] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51.

The claimant bears the burden of proof beginning with step one and ending with step four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id.*, he is disabled and entitled to benefits.

**DISCUSSION**

Plaintiff's opening brief alleges several flaws in the Commissioner's decision. However, one argument is dispositive of Plaintiff's appeal because it mandates reversal and remand. Accordingly, the court will address only this argument, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

Plaintiff asserts that the ALJ erred by failing to complete the function-by-function analysis required by Social Security Ruling ("SSR") 96-8p. Plaintiff argues that this failure led to an RFC inconsistent with the evidence in the record.[11]

SSR 96-8p provides in relevant part,

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. *Only after that* may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p (emphasis added). Paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945 require the ALJ to specifically assess a claimant's physical abilities, mental abilities, and other abilities affected by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d); *see also* SSR 96-8p. Specifically, paragraph (c) requires the ALJ to consider "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." 20 C.F.R. §§ 404.1545(c), 416.945(c); *see also* SSR 96-8p.

Plaintiff argues that the ALJ's failure to perform the function-by-function analysis resulted in inconsistencies with the evidence on the record of Plaintiff's ability to perform work-related mental activities.[12] Indeed, SSR 96-8p recognizes that, at step five, "[w]ithout a careful consideration of an individual's functional capacities to support an RFC assessment based on an

---

[11] *See* docket no. 20 at 14-15.

[12] *See id.*

exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do." SSR 96-8p.

The Commissioner does not assert that the ALJ's performed the function-by-function assessment of work-related mental activities. Nor does the Commissioner identify where in the decision the ALJ fulfilled this obligation. Instead, Defendant argues that the ALJ is permitted to express the RFC in exertional terms, including any non-exertional limitations.[13] In support of this argument, the Commissioner cites a provision of SSR 96-8p which states "[a]t step 5 of the sequential RFC must be expressed in terms of, or related to, the exertional categories when the adjudicator determines whether there is other work the individual can do." SSR 96-8p. However, the cited passage goes on to say that "in order for an individual to do a full range of work at a given exertional level . . . the individual must be able to perform substantially all of the exertional *and nonexertional* functions required in work at that level." *Id*. (emphasis added). The Commissioner fails to address the SSR 96-8p's requirement to *first* perform the function-by-function analysis of work related mental activities, or provide any reason why the ALJ should be relieved of her duty to do so in this case.

At step five, ALJ expressed Plaintiff's RFC as the ability to "perform a full range of work at all exertional levels" with certain non-exertional limitations including that that Plaintiff could "maintain[] attention, concentration, persistence and pace for [unskilled tasks] eight hours day."[14] The ALJ did not explain her function-by-function assessment of each of the work-related

[13] *See* docket no. 23 at 22.

[14] Tr. at 211-12.

mental activities. While the ALJ did summarize the record medical evidence, she did not explain how it "requires or supports the limitations assessed." *Holt v. Astrue*, No. CIV. A. 08-2410-KHV, 2009 WL 3807082, at *7 (D. Kan. Nov. 12, 2009).

This is an error. The ALJ is not permitted to simply state the Plaintiff's RFC in terms of an exertional category without first identifying Plaintiff's "functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis, including the [mental] functions in paragraph[] . . . (c) of 20 [C.F.R. §§] 404.1545 and 416.945." SSR 96-8p.

Moreover, "an ALJ should not state a mental RFC in terms of the four broad mental functional areas [of 20 C.F.R. § 404.1520a], but should make a function-by-function assessment of each of the work-related mental activities relevant to the case at hand." *Holt*, 2009 WL 3807082, at *6. The four mental functional areas of 20 C.F.R. § 404.1520a are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."[15] Here, the ALJ erred by failing to perform the function-by-function assessment of each of the work-related mental activities, and instead expressing the non-exertional limitations in terms of one of the four broad mental functional areas: the ability to concentrate, persist, or maintain pace.

**CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ erred in her analysis at step four and five of the sequential evaluation process. Accordingly, **IT IS HEREBY**

[15] *See also* 20 C.F.R. § 416.920a (same).

**RECOMMENDED** that the Commissioner's decision in this case be **REVERSED AND REMANDED** for further proceedings.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of August, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge