IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LAUREN STRATTON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [25] REPORT & RECOMMENDATION AND OVERRULING [26] DEFENDANT'S OBJECTION**<br><br>Case No. 2:17-cv-00981-DN-PMW<br><br>District Judge David Nuffer<br><br>Chief Magistrate Judge Paul M. Warner |

Magistrate Judge Paul M. Warner's Report and Recommendation[1] under 28 U.S.C. § 636(b)(1)(B) recommends that the Commissioner's decision denying Plaintiff Lauren Stratton's claim for disability insurance benefits and supplemental security income be reversed and remanded for further proceedings. More specifically, the Magistrate Judge found that the administrative law judge ("ALJ") erred by failing to perform the function-by function analysis in determining Plaintiff's residential functional capacity ("RFC"), which led to an RFC inconsistent with the evidence in the record.[2] Defendant Nancy A. Berryhill ("Commissioner") objected to the Report and Recommendation.[3] Plaintiff responded to the objection.[4]

---

[1] Report and Recommendation, docket no. 25, filed Aug. 15, 2018.

[2] *Id*.

[3] Objections to the Magistrate Judge's Report and Recommendation, docket no. 26, entered Aug. 29, 2018.

[4] Plaintiff's Response to Defendant's Objection to the Magistrate's Recommendation, docket no. 27, filed Sept. 1, 2018.

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[5] Under de novo review in a social security case, the district court judge, like the magistrate judge, reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[6] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] "It requires more than a scintilla, but less than a preponderance."[8] The court will not reweigh the evidence or substitute its judgment for the Commissioner's.[9]

The factual findings of the Commissioner are not supported by substantial evidence and the correct legal standards were not applied. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[10] is adopted. The Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner.

## DISCUSSION

Determining whether a claimant is disabled involves a five step process.[11] In the first three steps, the Commissioner determines (1) whether the claimant has engaged in substantial gainful work since the alleged onset; (2) whether she has severe impairments; and (3) whether the severity of her impairments meets or equals the severity of any impairment in the Listing of

---

[5] 28 U.S.C. § 636(b).

[6] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Docket no. 25.

[11] 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Impairments.[12] If the claimant's impairments do not meet or equal the severity of a listing, the Commissioner assesses the claimant's RCF.[13] The Commissioner then evaluates step four (whether claimant's impairments prevent her from doing her past relevant work) and step five (whether other work exists in significant numbers in the national economy that accommodates the claimant's RFC and vocational factors).[14]

Here, the ALJ determined that Plaintiff was not disabled because she could perform other unskilled jobs available in the national economy in significant numbers.[15] Plaintiff alleges that the ALJ made several errors; however, the Magistrate Judge properly found that one in particular is dispositive: the failure to complete the function-by-function analysis in determining Plaintiff's residual functional capacity (RFC) as required by Social Security Ruling ("SSR") 96-8p. It is appropriate to reverse and remand the Commissioner's decision on this basis alone.[16]

SSR 96-8p requires a function-by-function analysis of work-related abilities before a RFC may be "expressed in terms of exertional levels of work."[17] This analysis must include an assessment of a claimant's physical abilities, mental abilities, and other abilities affected by the claimant's impairments.[18] "[I]n order for an individual to do a full range of work at a given exertional level . . . the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level."[19] Work-related mental activities

---

[12] *Williams*, 844 F.2d at 750-51; *see also* 20 C.F.R., Pt. 404, Subpt. P, Appendix 1.

[13] 20 C.F.R. §§ 404.1520, 416.920.

[14] *See Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51.

[15] Tr. 219.

[16] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

[17] SSR 96-8p, 1996 WL 374184.

[18] *Id*.; 20 C.F.R. §§ 404.1545(b)-(d), 416.945.

[19] SSR 96-8.

generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decision; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."[20] "Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case[,]" because without a function-by-function analysis the ALJ "may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do."[21] At the very least, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."[22] In particular, "[t]he adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."[23]

Here, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels, subject to various nonexertional job limitations.[24] However, the ALJ failed to complete a function-by-function assessment of each of the work-related mental activities before expressing the Plaintiff's RFC in terms of an exertional category.

The Commissioner argues that the function-by-function analysis was not necessary in this case because the ALJ's RFC was supported by the evidence.[25] An ALJ's ruling may be upheld without providing a clear function-by-function analysis as long as those conducting review "can

---

[20] SSR 96-8p; *see also*. 20 C.F.R. §§ 404.1545(c), 416.945(c).

[21] SSR 96-8p at 3–4.

[22] *Id.* at 7.

[23] *Id.*

[24] Tr. 211-12.

[25] *See* Objections at 3, docket no. 26.

4

follow the adjudicator's reasoning,"[26] and the failure to complete the assessment "was not critical to the outcome of [the] case."[27] For instance, in *Hendron*, the claimant challenged the ALJ's ruling that she was not disabled and could perform a full range of sedentary work without any limitations.[28] She argued that because the ALJ had not completed the function-by-function analysis, he had overlooked her problems with sitting.[29] However, the court found that the ALJ had discussed all the evidence and explicitly described how it supported or failed to support the ultimate determination (in accordance with SSR 96-8p). As a result, the missing function-by-function analysis "was not critical to the outcome of the case," and the ALJ's decision could stand.[30] The same cannot be said here.

In this case, the ALJ not only failed to complete the function-by-function analysis; but he also failed to explain how he resolved ambiguities or inconsistencies in the record. By not complying with SSR 96-8p's requirement to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," the ALJ leaves gaps of inference which may have critical implications for the case. This failure makes it impossible to "follow the adjudicator's reasoning."[31] As a result, the Commissioner's decision is reversed and remanded for further development of the record through a function-by-function assessment of work-related mental activities.

---

[26] *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

[27] *Hendron v. Colvin*, 767 F.3d 951, 957 (10th Cir. 2014).

[28] *Id.* at 951.

[29] *Id.* at 956.

[30] *Id.* at 957.

[31] *Keyes-Zachary*, 695 F.3d at 1166.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[32] is ADOPTED and that the Defendant's Objections[33] is OVERRULED.

IT IS FURTHER ORDERED that the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for further findings on the specific matter identified herein.

The clerk of the court shall close the case.

Dated March 6, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[32] Docket no. 25.

[33] Docket no. 26.